**George PAYNE, Plaintiff,**

v.

**The HOUSING AUTHORITY OF the CITY OF EVANSVILLE and John Collier, individually and in his capacity as Executive Director, Defendants.**

No. EV 92–178–C.

United States District Court, S.D. Indiana, Evansville Division.

Jan. 29, 1993.

Samuel Morris, Agee Allen Godwin Morris & Laurenzi, Memphis, TN, for George Payne.

James P. Casey, Bowers Harrison Kent & Miller, Evansville, IN, for Housing Authority–Evansville and John Collier.

### *MEMORANDUM*

BROOKS, Chief Judge.

This matter comes before the Court on George Payne's Motion for Contempt. Payne states that "Defendants' action in terminating [his] employment without providing him with all due process rights to which he is entitled under law constitutes a violation of the Preliminary Injunction issued by the Court." Motion at ¶ 4. Payne states in his affidavit:

I was told on December 4, 1992, at 9:00 A.M. that I would have a "hearing" on December 7, 1992. This was less than a full business day's notice. I was unable to gather evidence or witnesses to prepare my case in time for the "hearing." I attended the "hearing" with my Teamster Business Representative, Kenneth Mayhugh, and asked that it be postponed for at least a day or two, as also did my lawyer

by telephone conversation with the Housing Authority's lawyer. No evidence was presented and no witnesses testified at the "hearing."

Second Payne Affidavit at 1.

On its face, Payne's Motion is without merit. Neither *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) nor this Court's Preliminary Injunction has been violated by the actions described by Payne in his affidavit.

> An essential principle of due process is that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case." We have described "the root requirement" of the Due Process Clause as being "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." This principle requires "some kind of a hearing" prior to the discharge of an employee who has a constitutionally protected property interest in his employment. As we pointed out last Term, this rule has been settled for some time now.

*Loudermill*, at 542 (citations and footnotes omitted, emphasis in original). Payne's affidavit makes clear that he had the opportunity for a hearing appropriate to the nature of his case prior to his termination. He did receive "some kind of a hearing." *Loudermill* does not require that Payne receive more notice than he received; *Loudermill* does not require that Payne have legal representation at the hearing; *Loudermill* does not require evidence be presented by the Housing Authority at the hearing; *Loudermill* does not provide for the procedural rights of a court trial, it only requires that Payne be given some kind of a hearing prior to his termination. This Court's Preliminary Injunction only required that the Housing Authority comply with *Loudermill*. Though it would usually be necessary for some evidence to be presented at the hearing by the discharging agency, here Payne had full knowledge of the Housing Authority's concerns based on his notice letter and the earlier proceedings in this case. By not presenting any evidence at the hearing, Payne surrendered his opportunity to respond before he was terminated.

Payne has failed to indicate to this Court how his termination violated his due process rights. The Motion for Contempt will be denied because on its face it fails to allege a violation of the Preliminary Injunction.

## ORDER

This matter having come before the Court on Payne's Motion for Contempt, and the Court being duly advised and of the opinion that the Motion should be denied, it is

ORDERED that Payne's Motion for Contempt is DENIED.